## CIRCUIT COURT OF THE CITY OF RICHMOND

In re Abdul Khalil

March 4, 1991

By JUDGE RANDALL G. JOHNSON

This matter is before the court on the guardian's petition for aid and guidance. Specifically, the guardian asks the court to determine whether he may make payments from his ward's estate to the ward's children. The children have been properly noticed, and evidence and argument of counsel and the guardians ad litem were heard at a hearing on January 22, 1991.

The ward is a 38-year-old male who is totally incapacitated as a result of having suffered anoxic brain injury. He has been in a coma for more than four years, and his doctors expect him to remain in a coma for the rest of his life, which the same doctors estimate to be between thirty and forty years. His estate consists solely of cash and has a present value of approximately $360,000.00. Because of the care which the ward requires, his expenses are greater than his income, and if no money is paid to his children out of his estate, the estate will be depleted in ten years or so. Obviously, it will be depleted sooner if money is paid to his children.

The ward has three children. They are an 18-year-old daughter, a 20-year-old son, and a 3-year-old son. Each of the children, through his or her attorney or guardian ad litem, asks the court to allow the guardian to make some award out of the estate to such child. The ward's guardian ad litem, while not vigorously contesting such awards, reminds the court that no such award should be made to the ward's detriment. The guardian quite properly takes no position other than providing a vehicle, the petition for aid and guidance, by which the parties may be heard.

In deciding whether to allow the awards which the children seek, the court must first determine whether it has the power to make such awards. I conclude that it does not. Section 37.1-142(B) of the Code of Virginia provides that the court may direct a fiduciary to "make gifts from income and principal not necessary for the ward's maintenance to those persons to whom the ward would, in the judgment of the court, have made gifts if the ward had been of sound mind . . . ." The operative phrase in that section, so far as this case is concerned, is "*not necessary for the ward's maintenance* . . . ." (Emphasis added.) Since the evidence is crystal clear that *all* of the funds in the present ward's estate *are* necessary for his maintenance, and that even those funds will eventually be insufficient, the court simply cannot reach˙ the remaining factors which it might consider under the statute if any of those funds were "excess" funds. Accordingly, the court can make no award under § 37.1-142(B) here. The court being aware of no other statutory or common law authority for making any award to the ward's children, no such award can be made.[1]

Finally, the court agrees with the guardian ad litem for the minor child and counsel for the Division of Child Support Enforcement that a different situation exists with respect to that child. Since the ward is presumed to have a legal obligation to support his minor child, that child may be entitled to child support in spite of the anticipated depletion of the ward's estate. This issue, however, should be addressed by the appropriate juvenile court on a petition for child support.

---

[1] The court has discovered a common law doctrine of "substituted judgment" by which a court could make an award to an incapacitated person's family. See, e.g., Ex parte Whitbread, 2 Mer. 99, 35 Eng. Rep. 878 (Ch. 1816). The court concludes, however, that this doctrine has been codified in Section 37.1-142(B) and that it now has no authority to deprive a ward of needed funds under the common law doctrine.